UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CHERYL L. GIMBEL, | ) | CIV. 12-5060-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Plaintiff Cheryl Gimbel filed a complaint appealing from an administrative law judge's ("ALJ") decision denying disability benefits. (Docket 1). Defendant denies plaintiff is entitled to benefits. (Docket 12). The court issued a briefing schedule requiring the parties to file a joint statement of material facts ("JSMF"). (Docket 14). The parties filed their JSMF. (Docket 20). For the reasons stated below, plaintiff's motion to reverse the decision of the Commissioner (Docket 22) is denied, and the defendant's motion to affirm the decision of the Commissioner (Docket 25) is granted.

**FACTUAL AND PROCEDURAL HISTORY**

The parties' JSMF (Docket 20) is incorporated by reference. Further recitation of salient facts is included in the discussion section of this order.

On March 14, 2006, plaintiff Cheryl Gimbel filed an application for disability insurance benefits and supplemental security income benefits alleging disability beginning March 7, 2004. (Docket 20 at p. 1). The claims were initially denied on August 28, 2006, and upon reconsideration on October 17, 2006. Id. Thereafter, Ms. Gimbel filed a request for a hearing and an evidentiary hearing was held on March 11, 2008. Id. On March 28, 2008, the ALJ issued a decision finding Ms. Gimbel was not disabled and denying benefits. (Administrative Record at pp. 74-81).[1]

Ms. Gimbel sought review from the Appeals Council. (Docket 20 at p. 2). The Appeals Council granted Ms. Gimbel's request for review and remanded the case for a new hearing. (AR at p. 84). Another evidentiary hearing was held on October 19, 2010. (Docket 20 at p. 2). On March 10, 2011, the ALJ issued a decision finding Ms. Gimbel was not disabled and denying benefits. (AR at pp. 14-23). Ms. Gimbel sought review from the Appeals Council. Id. at pp. 1-3. The Appeals Council denied Ms. Gimbel's review request. Id. The ALJ's decision constitutes the final decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g); 20 CFR § 422.210(a). It is from this decision which Ms. Gimbel timely appeals.

---

[1]The court will cite to information in the administrative record as "AR at p. ___."

The issue before the court is whether the ALJ's decision of March 10, 2011, (the "2011 ALJ decision") that Ms. Gimbel was not "under a disability, as defined in the Social Security Act . . .  from March 7, 2004, through [March 10, 2011]" is supported by substantial evidence on the record as a whole.  (AR at p. 23); see also Howard v. Massanari, 255 F.3d 577, 580 (8th Cir. 2001) ("By statute, the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") (internal quotation marks and brackets omitted) (citing 42 U.S.C. § 405(g)).

## STANDARD OF REVIEW

The Commissioner's findings must be upheld if they are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006); Howard, 255 F.3d at 580.  The court reviews the Commissioner's decision to determine if an error of law was committed.  Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  Cox v. Barnhart, 471 F.3d 902, 906 (8th Cir. 2006) (internal citation and quotation marks omitted).

The review of a decision to deny disability benefits is "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision . . . [the court must also] take into account

3

whatever in the record fairly detracts from that decision." <u>Reed v. Barnhart</u>, 399 F.3d 917, 920 (8th Cir. 2005) (quoting <u>Haley v. Massanari</u>, 258 F.3d 742, 747 (8th Cir. 2001)).

It is not the role of the court to re-weigh the evidence and, even if this court would decide the case differently, it cannot reverse the Commissioner's decision if that decision is supported by good reason and is based on substantial evidence.  <u>Guilliams v. Barnhart</u>, 393 F.3d 798, 801 (8th Cir. 2005).  A reviewing court may not reverse the Commissioner's decision " 'merely because substantial evidence would have supported an opposite decision.' " <u>Reed</u>, 399 F.3d at 920 (quoting <u>Shannon v. Chater</u>, 54 F.3d 484, 486 (8th Cir. 1995)).

## DISCUSSION

"Disability" is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment [or combination of impairments] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).

The Social Security Administration established a five-step sequential evaluation process for determining whether an individual is disabled.  20 CFR

§ 404.1520(a)(4).  If the ALJ determines a claimant is not disabled at any step of the process, the evaluation does not proceed to the next step as the claimant is not disabled.  Id.  The five-step sequential evaluation process is:

> (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment–one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the residual functional capacity to perform . . . past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

Baker v. Apfel, 159 F.3d 1140, 1143-44 (8th Cir. 1998).  The ALJ applied the five-step sequential evaluation required by the Social Security Administration regulations.  (AR at pp. 16-23).  At step four of the evaluation, the ALJ found Ms. Gimbel was "capable of performing past relevant work" and was, therefore, not disabled.  Id. at 22-23.

## PLAINTIFF'S ISSUES ON APPEAL

Plaintiff's brief in support of her motion to reverse the decision of the Commissioner argues the ALJ improperly rejected Ms. Gimbel's "credibility concerning her low back pain and need to lie down and her pain and limitations due to her interstitial cystitis."  (Docket 22 at p. 1).

1.      **Did the ALJ properly assess Ms. Gimbel's credibility?**

Ms. Gimbel argues the ALJ did not have "good reasons" for finding her subjective complaints of pain not credible.  In response, defendant argues the ALJ's credibility determination is supported by substantial evidence in the record as a whole.

The ALJ determines the weight attributable to a claimant's subjective complaints, including pain, according to the framework created in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  Five Polaski factors guide the ALJ's credibility determinations: "1) the claimant's daily activities; 2) the duration, frequency, and intensity of the pain; 3) the dosage, effectiveness, and side effects of medication; 4) precipitating and aggravating factors; and 5) functional restrictions."  Choate, 457 F.3d at 871.  The ALJ need not mechanically discuss each of the Polaski factors.  See Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir. 2005).  Although the ALJ can discount a claimant's subjective complaints for inconsistencies within the record as a whole, "the ALJ must make express credibility findings and explain the record inconsistencies that support the findings."  Dolph v. Barnhart, 308 F.3d 876, 879 (8th Cir. 2002).  The court will not disturb the decision of an ALJ who seriously considers, but for good reason expressly discredits a claimant's subjective complaints.  See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).

In this case, the ALJ acknowledged the analytical framework for credibility determinations and stated he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p."  (AR at p. 19).

The ALJ noted Ms. Gimbel suffered from "degenerative disc disease of the lumbar spine, arthritis in bilateral knees, interstitial cystitis and neck pain." (AR at p. 17).  However, the ALJ found Ms. Gimbel's statements regarding her impairments and "complaints of disabling pain [were] not fully credible."  (AR at p. 20).  The ALJ provided the following reasons for finding Ms. Gimbel's testimony not credible: (1) Ms. Gimbel "[took] relatively mild pain relief medication" and claimed she was "able to experience pain relief merely from laying down"; (2) Ms. Gimbel has a "checkered work history, including prior to the alleged onset of her disability"; (3) Ms. Gimbel's activities of daily living and work activity were inconsistent with her claims of disabling pain; and (4) the objective medical evidence did not support Ms. Gimbel's complaints of disabling pain.  Id.

First, Ms. Gimbel objects to the ALJ conclusion she was taking "relatively mild pain relief medication."  (Docket 22 at p. 5).  Ms. Gimbel argues she was not taking "relatively mild pain relief medication" but was taking four different types of medication for her back and bladder pain.  Id.  Ms. Gimbel was taking

"ibuprofen, 400 milligrams three times a day, Lyrica, 150 milligrams two times a day . . . Phenazopyridine, 100 milligrams three times a day . . . and Elminron, 100 milligrams four times a day." Id.  Ms. Gimbel was not taking any narcotic pain relievers.

The fact Ms. Gimbel was taking four medications does not mean her pain is disabling as she suggests.  "A lack of strong pain medication is inconsistent with subjective complaints of disabling pain."  Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994) (citing Murphy v. Sullivan, 953 F.2d 383, 386 (8th Cir. 1992).  In this case, Ms. Gimbel was taking 400 milligrams of ibuprofen three times per day to treat her back pain.  (Docket 22 at p. 5).  Ms. Gimbel testified lying down provided relief from her back pain.  (Docket 20 at p. 21).

Ms. Gimbel also was taking medication for her bladder pain.  Although Ms. Gimbel testified her bladder pain caused her to have to use the bathroom every thirty minutes to an hour, there was no testimony that this condition interfered with her ability to work part-time.  Id.  In addition, Ms. Gimbel's bladder condition was inconsistent.  See id. at p. 9 (In September 2007, Ms. Gimbel told Dr. Diehl at Native Women's Health Care that she was not currently having pain with urination or frequency, but when she did the pain was a 7 out of 10).

The ALJ acknowledged Ms. Gimbel's "impairments may cause her some discomfort and pain."  (AR at p. 20).  However, the ALJ concluded her

medication regimen did not support her claims of disabling pain.  This evidence

is indicative of Ms. Gimbel's credibility and was appropriately considered by the

ALJ.  See Haynes, 26 F.3d at 814.

The ALJ did not solely rely on Ms. Gimbel's medication regimen to make

his credibility determination.  The ALJ also found the medical evidence did not

support Ms. Gimbel's claims of disabling pain.  The ALJ found Ms. Gimbel had

the residual functional capacity to perform light work.  (AR at pp. 19-21).  The

ALJ noted "given [Ms. Gimbel's] allegations of totally disabling symptoms, one

might expect to see some indication in the treatment records of opinions from

treating or examining physicians indicating that [Ms. Gimbel] is disabled or

even has limitations greater than those determined in this decision."  Id. at p.

21.  The ALJ explained the medical records in the case revealed no such

opinions, but actually supported his determination Ms. Gimbel could perform

light work.  Id.

The ALJ noted the medical records reflected Ms. Gimbel "suffered a

meniscal tear and later a patellar fracture in the left knee" and "hurt her back"

after falling down on the job in March 2004.  (AR at p. 21).  The ALJ also

acknowledged Ms. Gimbel suffers from interstitial cystitis.  Id.

Shortly after Ms. Gimbel's fall, her orthopedic surgeon, Dr. Ran

Schleusener, found she "showed some reduced range of motion of the back, a

normal gait, full strength, and negative straight leg raise testing."  (Docket 20

9

at p. 4).  With these results, Dr. Schleusener released Ms. Gimbel to light duty work.  (Docket 20 at p. 4).  In June 2005, Ms. Gimbel was seen at Native Women's Health Clinic and reported that she continued to work.  Id. at p. 8.

In August 2006, Ms. Gimbel was seen by Dr. Craig Mills.  Id. at p 14. Dr. Mills' examination of Ms. Gimbel "showed a normal gait, negative straight leg raise testing, good grip strength, and the ability to follow instructions."  Id. at p. 15.  His examination also showed Ms. Gimbel has normal ranges of motion in her neck and back, intact sensation throughout, no use of a cane or assistive device and lumbar flexion to 70 degrees with fingertips about four inches from the floor.  (AR at p. 637).  Dr. Mills saw Ms. Gimbel again in December of 2009.  Id. at 748.  The notes from the 2009 examination are nearly identical to those in Ms. Gimbel's 2006 examination.  Id.

In 2009, Dr. Donald DeGrange, an orthopedic surgeon, found Ms. Gimbel had "no acute distress with normal ambulation, the ability to walk on her heels and toes, full range of motion of the lumbar spine, and normal lower extremity strength and sensation."  (Docket 20 at p. 13).  Dr. DeGrange performed a discogram which revealed no significant abnormalities.  Id.

Regarding Ms. Gimbel's interstitial cystitis, the ALJ noted it did "not prevent [Ms. Gimbel] from engaging in normal activities of daily living nor from holding down a part-time job."  (AR at p. 21).  Despite Ms. Gimbel's pain caused by interstitial cystitis, her treating physicians consistently cleared her

for light work and Ms. Gimbel continued to work.  See id. at 443 & 465.  Non-
examining physicians concurred Ms. Gimbel could perform at least light work.
(Docket 20 at p. 16; see also AR at 420 & 703).  It is significant that no treating
physician instructed Ms. Gimbel to lie down with the frequency which she
described, nor found her to be more limited than the ALJ's residual functional
capacity assessment found her to be.  Having reviewed the record in this case,
the court finds the ALJ properly considered the medical evidence and found it
to be inconsistent with Ms. Gimbel's subjective complaints of disabling pain.

      The ALJ also noted Ms. Gimbel had "a rather checkered work history"
prior to the alleged onset of her disability.  (AR at p. 20).  Since the late 1990s
through the present, Ms. Gimbel mostly held part-time employment.  (AR at pp.
314-19).  Although this court would not find this factor alone to be indicative of
Ms. Gimbel's credibility, a claimant's work history is a relevant consideration in
determining credibility.  See Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th
Cir. 2001) ("A lack of work history may indicate a lack of motivation to work
rather than a lack of ability.") (citing Woolf v. Shalala, 3 F.3d 1210, 1214 (8th
Cir. 1993)).  The ALJ properly considered Ms. Gimbel's work history in making
his credibility determination.

      Ms. Gimbel objects to the ALJ's determination that her daily activities did
not support her claims of disabling pain.  Ms. Gimbel testified she attends to
her own personal needs and hygiene, performs housework, goes shopping, and

works part-time 10 to 12 hours a week.  (AR at p. 20).  Ms. Gimbel also "socialized with her adult children, two to three close friends, and people at church."  (Docket 20 at p. 19).  She was able to cook, clean, shop, do laundry, drive, and pay her own bills.  Id.  Ms. Gimbel's daughter acknowledged Ms. Gimbel would prepare her own meals daily and remarked that she "seems to be cleaning something each day."  (AR at p. 20).

When a claimant's activities are inconsistent with their claimed level of disability, an ALJ may properly reject the claimant's testimony.  Haley v. Massanari, 258 F.3d 742, 748 (8th Cir. 2001).  Even with Ms. Gimbel's medical history and level of pain, the evidence in the record as a whole supports the ALJ's finding that Ms. Gimbel's daily activities are inconsistent with her claimed limitations.  See Medhaug v. Astrue, 578 F.3d 805, 817 (8th Cir. 2009) (noting "acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain.").

In sum, the court finds the ALJ properly considered and discounted Ms. Gimbel's subjective complaints.  The court must "defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so."  Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (internal quotation marks and citations omitted).  The ALJ's credibility

determination as to plaintiff's pain stands and Ms. Gimbel's challenge to the

2011 ALJ decision on this ground is denied.

## ORDER

Based on the above analysis, it is hereby

ORDERED that plaintiff's motion to reverse the decision of the

Commissioner (Docket 22) is denied.

IT IS FURTHER ORDERED that defendant's motion to affirm the decision

of the Commission (Docket 25) is granted.

Dated March 19, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE